UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| EDWARD VEST, | ) |
| ANNE VEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01800-JMS-DML |
| | ) |
| J.B. HUNT TRANSPORT, INC., | ) |
| ERIE INSURANCE EXCHANGE, | ) |
| JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Presently pending before the Court are Edward and Anne Vest's ("the Vests") Motion to Remand, [Filing No. 12], and Defendant J.B. Hunt's Motion for Sanctions, [Filing No. 17]. For the reasons that follow, the Court **DENIES** both Motions.

### I.
#### BACKGROUND

On December 14, 2017, the Vests filed an Amended Complaint for damages against Defendants J.B. Hunt Transport Inc. ("J.B. Hunt"), Erie Insurance Exchange ("Erie"), and John Doe in Marion County Superior Court. [Filing No. 1-1.] In the Complaint, the Vests allege that John Doe was operating a semi-trailer on behalf of J.B. Hunt when a collision occurred with Mr. Vest's vehicle. [Filing No. 1-1 at 1-2.] The Complaint states that Mr. Vest sustained medical expenses, lost wages, and property damage as a result of the accident. [Filing No. 1-1 at 1.]

At a June 4, 2018 mediation, the Vests made a settlement demand of $700,000, [Filing No. 1 at 2], and J.B. Hunt offered a settlement of $7,500, [Filing No. 13 at 4]. The parties were unable to reach an agreement, and on June 13, 2018 defendant J.B. Hunt removed the action to this Court on the basis of diversity jurisdiction. [Filing No. 1.] J.B. Hunt filed an Amended Notice of

Removal on July 3, 2018, stating that this Court has diversity jurisdiction over this matter. On July 13, 2018, the Vests filed the pending Motion to Remand. [Filing No. 12.] J.B. Hunt opposes that Motion, and in its response brief, it moves for sanctions against the Vests. [Filing No. 17.] The Court addresses each Motion in turn.

## II.
## MOTION TO REMAND

### A. Legal Standard

The federal removal statue permits a defendant to remove a civil action from state court when a district court has original jurisdiction over the action. *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011); *see also*, 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," between citizens of different states. 28 U.S.C. § 1332(a)(1). "§ 1332 requires complete diversity, meaning that no plaintiff may be from the same state as any defendant." *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). Additionally, the amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Whether removal is proper is analyzed at the time of removal, "as that is when the case first appears in federal court." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

"[T]he removing party must establish any disputed aspect of diversity jurisdiction by offering 'evidence which proves to a reasonable probability that jurisdiction exists.'" *Smith v. Am. Gen. Life & Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)); *see also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013) ("The removing defendant has the burden of proving

the jurisdictional predicates for removal."). "If at any time...it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**B. Discussion**

The Vests argue that remand is appropriate because the John Doe defendant's citizenship may not be diverse, and because J.B. Hunt has not established that the amount in controversy exceeds $75,000, exclusive of interest and costs. [Filing No. 13 at 3.] As to the question of citizenship, J.B. Hunt argues that under the removal statute, the citizenship of defendants sued under fictitious names is disregarded. [Filing No. 17 at 6.] And as to the amount in controversy, J.B. Hunt contends that it used the Vests' own settlement demand to establish the amount in controversy, and that Mr. Vest's medical bills alone amount to more than $75,000. [Filing No. 17 at 5.] They also argue that the Vests have themselves refused to stipulate that the amount in controversy falls below the $75,000 threshold. [Filing No. 5.] The Vests do not offer a reply to J.B. Hunt's citizenship argument. As to the amount in controversy, the Vests argue that the settlement demand was merely a "starting demand," and that both the settlement demand and the medical bills represent, in part, damages incurred in another unrelated personal injury case. [Filing No. 18.]

28 U.S.C. § 1441 provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("…naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs."); *Thornburg v. Stryker Corp.*, 2006 WL 211952, at *2 (S.D. Ind. Jan. 27, 2006) (same). All parties agree that the named defendants and plaintiffs are diverse, so the

3

citizenship of the John Doe defendant is disregarded, and the complete diversity requirement has been established at the present time.

As to the amount in controversy, as the Seventh Circuit has made clear, while the proponent of jurisdiction has the burden of providing facts that suggest by a preponderance of the evidence that the amount-in-controversy requirement has been met, "[t]hat is easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). In that instance, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* (citing *Rubel v. Pfizer, Inc.,* 361 F.3d 1016, 1020 (7th Cir. 2004)). In order to satisfy this burden, a removing party may introduce evidence in the form of a plaintiff's informal estimates or settlement demands. *Oshana*, 472 F.3d at 511. Once a removing party has shown a good-faith basis for removing the case to federal court, the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum. *Id.*

This case evidently falls into the category of cases described in *Oshana*, where the plaintiffs do not want to be in federal court and have therefore provided little information about the value of their claims. While it is true that J.B. Hunt could have used contention interrogatories or requests for admission in an attempt to elicit that information, it was not required to do so. The facts it has put forward—a settlement demand and medical bills—are relevant for the purposes of determining jurisdiction, and are sufficient to satisfy the good-faith standard. *Oshana*, 472 F.3d at 511. While they may not turn out the be the most accurate measures of possible recovery, given the multiple cases referenced by the Vests, that issue could easily have been resolved by the Vests themselves, who are the "masters of their complaint." Having satisfied the good-faith standard, in order to

4

prevail in a motion to remand, the Vests must demonstrate that it is legally certain that the amount in controversy is less than $75,000, exclusive of interest and costs. But the Vests never argue that the amount in controversy actually falls below $75,000—they merely contend that J.B. Hunt has failed to provide adequate evidence that it exceeds that amount. Jurisdiction, therefore, remains appropriate here.

In their brief in support of the Motion to Remand, the Vests also request their reasonable attorneys' fees incurred while pursuing this Motion. Because the Court denies the Motion, it also denies the request for attorneys' fees.

### III.
### REQUEST FOR SANCTIONS

In their brief in opposition to the Vests' Motion to Remand, J.B Hunt requests that the Court impose sanctions on the Vests for filing their Motion in bad faith. [Filing No. 17 at 10.] J.B. Hunt argues that the Vests' $700,000 settlement demand was sufficient to satisfy the amount-in-controversy requirement, and that the Vests could have easily defeated removal by simply stipulating to damages below $75,000. [Filing No. 17 at 6-10.] J.B. Hunt essentially argues that the Vests filed this motion frivolously, in violation of various rules of professional conduct. In response, the Vests stress that the amounts relied upon by J.B. Hunt represent potentially combined damages from two separate personal injury cases, so they acted in good faith by disputing the amount in controversy. [Filing No. 19.]

J.B. Hunt does not specify the authority under which it is seeking sanctions against the Vests. Federal Rule of Civil Procedure 11(c) provides that a Court may award sanctions for violations of Rule 11(b). *See* Fed. R. Civ. P. 11(b) (requiring, *inter alia*, that motions not be presented for any improper purpose, such as to harass or cause unnecessary delay and that the legal contentions are warranted by existing law). Motions for sanctions under Rule 11(c) must be made

separately from any other motion.  *See* Fed. R. Civ. P. 11(c)(2).  And a Rule 11(c) motion must be served upon opposing counsel under Rule 5, and the movant must not file or present the motion to the court within 21 days of service, in order to give the opposing party an opportunity to correct or withdraw the challenged contention.  *See Id.*

The issues challenged by J.B. Hunt fall squarely within the bounds of the conduct contemplated by Rule 11(b).  But J.B. Hunt did not satisfy the requirements of Rule 11(c), in that it did not file its motion separately, and it did wait the required 21 days before presenting its motion to the Court.  Therefore, to the extent that J.B. Hunt is seeking sanctions pursuant to Rule 11(c), the Court denies that motion due to J.B. Hunt's noncompliance with the Rule.

While Rule 11 does not prevent the Court from exercising its inherent power to sanction parties for bad-faith conduct, the Seventh Circuit has stressed that "there is a need to be cautious when resorting to inherent powers to justify an action, particularly when the matter is governed by other procedural rules."  *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004); *see also Salmeron v. Enter. Recovery Sys.*, 579 F.3d 787, 793 (7th Cir. 2009).  The Seventh Circuit has described bad faith actions as ones resulting in "harassment, unnecessary delay, needless increase in the cost of litigation, willful disobedience, and recklessly making a frivolous claim."  *Mach v. Will County Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009).  While the Court agrees that the Vests could easily have put to rest any amount-in-controversy dispute by merely stipulating to the $75,000 threshold, they raised a plausible concern that some portion of the Vests' claimed damages may be attributable to his long history of poor health and the second unrelated personal injury case.  The Court, therefore, declines to conclude that the Motion to Remand was filed in bad faith.

The Court therefore **DENIES** J.B. Hunt's request for sanctions.

The parties should be advised that they would be well served by focusing their time and attention—and therefore the Court's time and attention—on the merits of this case, as opposed to burdening the Court with procedural motions that are unlikely to be granted. As the Court has repeatedly counseled litigants, the Southern District of Indiana is the second busiest district court in the country with 1,028 weighted filings per judgeship. *U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics*, (Dec. 31, 2017), http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2017.pdf.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** the Vests' Motion to Remand, [12], and **DENIES** J.B. Hunt's Motion for Sanctions, [17].

Date: 8/3/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**